JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Blaze Construction, appeals from a judgment of the Cuyahoga County Court of Common Pleas denying its motion to strike plaintiff-appellee's, Hector Marrero's, voluntary dismissal under Civ. R. 41 (A) (1) (a). For the following reasons, we reverse and remand the decision of the trial court.
 {¶ 2} Marrero filed a claim with defendant-appellee, Bureau of Workers' Compensation ("BWC"), on February 7, 2007, alleging that he was injured in the course of his employment with Blaze Construction on August 30, 2006. The BWC disallowed the claim at first, but upon Marrero's appeal, issued an order allowing the claim. Blaze Construction appealed the allowance to the Industrial Commission, which affirmed the BWC's order. The Industrial Commission refused a further appeal by Blaze Construction.
 {¶ 3} In July 2007, Blaze Construction filed a notice of appeal in the common pleas court pursuant to R.C. 4123.512. As required by that statute, Marrero filed a complaint on August 8, 2007, and Blaze Construction answered. In January 2008, however, Marrero filed a notice of voluntary dismissal pursuant to Civ. R. 41(A)(1)(a). Blaze Construction moved to strike the dismissal, but the trial court denied its request. It is from this judgment that Blaze Construction appeals, raising a sole assignment of error for our review: *Page 4 
 {¶ 4} "The trial court erred in denying defendant-appellant Blaze Construction's motion to strike plaintiff-appellee Hector Marrero's Rule 41(A) notice of voluntary dismissal of an employer-initiated workers' compensation appeal without the employer's consent pursuant to [R.C. 4123.512(D)] (pertinent portion effective October 11, 2006)."
 {¶ 5} Blaze Construction argues that because Marrero first filed his application for workers' compensation benefits in February 2007after the effective date of Am. Sub. S.B. No. 7 ("S.B. 7"), which it claims was October 11, 2006, Marrero was not entitled to unilaterally dismiss his complaint.
 {¶ 6} The BWC agrees with Blaze Construction that the effective date of S.B. 7 was October 11, 2006, but argues that because Marrero's injury "arose" prior to that, S.B. 7 does not apply and Marrero was entitled to voluntarily dismiss his complaint.
 {¶ 7} We agree with Blaze Construction that Marrero was not entitled to unilaterally dismiss his complaint, but not for the reasons it sets forth.
 Background {¶ 8} R.C. 4123.512 provides a unique process for an appeal to the court of common pleas regarding a claimant's right to participate in the State Insurance Fund. It gives the claimant or the employer the right to appeal a decision of the Industrial Commission to the court of common pleas. However, regardless of whether the claimant or the employer appeals the decision of the Industrial *Page 5 
Commission, it is the claimant's responsibility to file a petition showing a cause of action to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. "Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level." Zuljevic v. Midland-RossCorp. (1980), 62 Ohio St.2d 116, 118.
 {¶ 9} Under the former R.C. 4123.512(D), however, regardless of whoinitiated the appeal, an employee-claimant could still voluntarily dismiss the case without prejudice pursuant to Civ. R. 41(A)(1)(a).Kaiser v. Ameritemps, Inc., 84 Ohio St.3d 411, 412, 1999-Ohio-360. Under the savings statute though, an employee-claimant who voluntarily dismissed the employer's appeal under the former R.C. 4123.512(D) had to refile the suit within one year of the dismissal or the employee-claimant would lose the claim. Fowee v. Wesley Hall, Inc.,108 Ohio St.3d 533, 2006-Ohio-1712, syllabus.
 {¶ 10} Within months of Fowee, presumably in response to the Ohio Supreme Court's pronouncement in that decision that "the law sometimes led to frustration for employers who were forced to wait for the employee-claimant to refile his or her claim," the General Assembly passed S.B. 7, amending *Page 6 
R.C. 4123.512. See Thorton v. Montville Plastics Rubber, Inc., Slip Opinion No. 2009-Ohio-360, _13.
 {¶ 11} S.B. 7 "ended an employee-claimant's unilateral ability to voluntarily dismiss the complaint in an appeal brought by an employer" under R.C. 4123.512(D). Id. at _14. The current version of R.C. 4123.512(D) provides in pertinent part that the employee-claimant "may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to [the] court pursuant to this section." Now, an employer must consent to the dismissal.Thorton at _14.
 {¶ 12} S.B. 7 was signed into law by the governor on March 28, 2006 and ordinarily would have become effective on June 30, 2006. However, a timely petition was filed with the secretary of state to place a referendum on the 2006 general election ballot against the enactment of S.B. 7. But, "[o]n August 25, 2006, the secretary of state issued a letter to the petitioners certifying that they had not provided a sufficient number of valid signatures." Thorton, supra, at fn. 2. The secretary's letter certifying the petition as invalid was ultimately upheld on October 11, 2006, over the petitioners' challenges inMahaffey v. Blackwell, 10th Dist. No. 06AP-963, 2006-Ohio-5319.
 {¶ 13} Again, both Blaze Construction and the BWC argue in the present appeal that S.B. 7's effective date was October 11, 2006, the date the referendum issue was ultimately resolved. In Thorton, however, the Ohio Supreme Court *Page 7 
clarified that the effective date of this bill was actually the date the secretary of state certified the referendum petition as invalid, which was August 25, 2006. Id. at fn. 2. As it turns out, this date is an important factor in this appeal.
 {¶ 14} Section 3 of S.B. 7 states that "[t]his act applies to allclaims pursuant to [R.C. Chapter 4123] arising on and after theeffective date of this act." (Emphasis sic.) Thorton at _15. All parties here agree, and the Ohio Supreme Court confirmed in Thorton, that the provisions in S.B. 7 are prospective in nature (except for R.C. 4123.512(H), which is not relevant here), and do not apply retroactively.
 {¶ 15} Marrero alleged that he was injured on August 30, 2006. As just clarified by the Ohio Supreme Court in Thorton, Marrero's claim "arose on the date of his injury." Id. at _15. It is clear then that Marrero's claim arose five days "after the effective date" of S.B. 7. Thus, the amendments made to R.C. 4123.512(D) apply to his claim, and he could not voluntarily dismiss his complaint without Blaze Construction's consent. Accordingly, the trial court erred by not granting Blaze Construction's motion to strike Marrero's dismissal.
 {¶ 16} Blaze Construction's sole assignment of error is sustained.
 {¶ 17} The judgment of the Cuyahoga County Court of Common Pleas is reversed and remanded to the lower court for further proceedings consistent with this opinion. *Page 8 
It is ordered that appellant recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1