JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Efrain Guilfu ("appellant") appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, denying his motion to vacate paternity. For the reasons stated below, we affirm.
 {¶ 2} On March 12, 1993, plaintiff-appellee Maridena Rojas ("Rojas") gave birth to a baby girl, M.R. ("child"). Rojas was unmarried at the time and named the appellant as the child's father. On September 26, 1994, appellant and Rojas contacted the Cuyahoga Support Enforcement Agency ("CSEA") and formally requested an administrative hearing to determine paternity and support. That same day, appellant signed an acknowledgment of paternity, waived his right to genetic testing, and proceeded without the advice of counsel.
 {¶ 3} Based on appellant's acknowledgment of paternity, the CSEA hearing officer determined appellant to be the natural father of the child and advised him of his right to appeal to the Cuyahoga County Juvenile Court. Appellant chose not to appeal.
 {¶ 4} On November 2, 1994, a hearing was held to determine child and medical support payments.[1] The hearing officer ordered appellant to pay $190 per month, plus a two-percent administrative fee, for support of the child, and the couple was ordered to share medical liability. On November 20, 1994, appellant objected to the support order. On February 16, 1995, appellant's objections were overruled by the referee and the recommendation of the CSEA hearing officer was sustained.[2] On March 8, 1995, the referee's order was adopted by the juvenile court. On August 8, 1996, the juvenile court determined that appellant owed child support arrears in the amount of $1,617.76 as of July 9, 1996.
 {¶ 5} On July 11, 2003, appellant filed a motion to vacate paternity. On November 12, 2003, the juvenile court magistrate denied appellant's motion. On November 18, 2003, the juvenile court judge adopted the magistrate's decision.[3] On January 15, 2004, appellant's written objections were denied.
 {¶ 6} It is from the court's denial of his motion to vacate paternity that appellant advances two assignments of error for our review. Because the assignments of error are interrelated, we will address them together.
 1. I. {¶ 7} In his assignments of error, appellant argues that "the trial court erred in dismissing [his] motion to vacate paternity" and that "the trial court erred in denying [his] request for genetic testing." We disagree.
 {¶ 8} R.C. 3119.962 provides that a court should grant relief when genetic tests support a finding excluding the male as the father. State ex rel. Lloyd v. Lovelady, Cuyahoga App. No. 83090, 2004-Ohio-3617. The statute is retroactive by allowing a party to seek relief from a paternity determination regardless of whether the judgment, order, or other determination from which relief is sought was issued prior to, on, or after October 27, 2000.[4] There is no statute of limitation by which a person must move for relief from a final paternity determination. Id. In the case sub judice, appellant failed to satisfy the requirements which would have entitled him to relief.
 {¶ 9} R.C. 3119.962 provides, in relevant part, that:
{¶ 10} "(A)(1) Upon the filing of a motion for relief undersection 3119.961 [3119.96.1] of the Revised Code, a court shallgrant relief from a final judgment, court order, oradministrative determination or order that determines that aperson or male minor is the father of a child or from a childsupport order under which a person or male minor is the obligorif all of the following apply:
 {¶ 11} "(a) The court receives genetic test results from agenetic test administered no more than six months prior to thefiling of the motion for relief that finds that there is a zeroper cent probability that the person or male minor is the fatherof the child. * * *"
 {¶ 12} Appellant acknowledges that he failed to provide the court with genetic test results but argues that such a requirement "renders the entire relief statute powerless since human experience of which we can take note, is that it would be rare, if not entirely unheard of, for a mother to submit to testing which would * * * deprive her of support * * *" and that "* * * the magistrate and the court have stripped the statute of any effect." Appellant concludes that the genetic testing sought could only be accomplished through court order.
 {¶ 13} In support of this position, appellant submitted an affidavit stating that he had come to believe he was not the father of the child. Additionally, appellant stated he had made several efforts over the years to correct the finding of paternity and that only recently he had learned he could move to vacate the previous order establishing paternity. Under the circumstances of this case, we find that appellant has failed to show he is entitled to relief.
 {¶ 14} The record establishes that on September 26, 1994, appellant acknowledged that he was the father of the child. This acknowledgment was voluntary; under the advisement that he had the right to have genetic testing conducted; that he waived and forfeited any further right to genetic testing; and that he would assume the parental duty of support. In the nine years that elapsed from this acknowledgment to the present action, appellant never questioned nor challenged the court's determination that he was the child's father. Despite his averment that he has made several efforts to correct the paternity determination, appellant has failed to specify what these efforts entailed.[5]
 {¶ 15} Further, appellant's argument concerning the requirements of R.C. 3119.962 is also without merit. Despite his blanket assertion that a hostile party would not comply with genetic testing, appellant has failed to show Rojas would not have complied. Appellant's affidavit fails to detail what efforts, if any, were attempted to obtain genetic testing prior to the filing of the motion to vacate. The trial court was under no affirmative duty to order genetic testing simply because appellant requested it.
 {¶ 16} Also, contra appellant's argument that he and the court are helpless to act should the hostile party fail to submit to testing, the court is provided options to address such circumstances. Under R.C. 3119.963(B), "If the mother is the custodian of the child and willfully fails to submit the child to genetic testing, * * * the court shall issue an order determining the motion for relief against the party failing to submit the party or the child to the genetic testing. If a party shows good cause for failing to submit to genetic testing or for failing to submit the child to genetic testing, the court shall not consider the failure to be willful." In this case, appellant failed to establish that Rojas willfully failed to submit the child for genetic testing. Therefore, the court did not err by refusing to order the genetic tests or in denying appellant's motion for relief.
 {¶ 17} Appellant's assignments of error are overruled.[6]
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs; Cooney, P.J., Concurs in judgment only.
[1] Both parties failed to attend the hearing. Rojas currently resides in Boston, Massachusetts.
[2] Both parties were present for this hearing, albeit without counsel.
[3] The order was not journalized until December 22, 2003.
[4] Id.; See R.C. 3119.967.
[5] We also note that appellant failed to proffer an explanation as to why it took nine years to challenge his acknowledgment and the paternity determination. Despite his assertion that he "had come to believe, based on statements made to him by Ms. Rojas that he was in fact not the father of the child * * *," we were never told under what circumstances those statements were made, when they were made, or otherwise how he came to believe he was not the father. Such facts are vital to appellant's position that his acknowledgment of paternity is unreliable.
[6] Although not raised formally through an assignment of error, appellant did raise the issue of the constitutionality of R.C. 3119.961. However, as the trial court denied the requested relief, the issue of constitutionality is outside the scope of this appeal. Therefore, we decline to address the issue further.