OPINION
{¶ 1} Delores Johnson, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied appellant's motion to change the trial date and ordered the case dismissed without prejudice.
 {¶ 2} Given the posture of the case as it appears before this court, the underlying facts in the matter must be gleaned from the allegations found in the various court filings of the parties. According to appellant's complaint, she obtained a divorce from Willie L. Johnson in October 2003, and, pursuant to the terms of the decree, she was awarded a 1993 Chrysler Lebaron. After appellant's ex-husband had removed the license plates *Page 2 
from the car, she was told by police that she could not park the car on the street outside her home. Appellant alleges she then contacted Andrew Anderson ("Andrew"), owner of Andy's Automotive, both defendants-appellees, to fix a dent on the car and also requested that he store the vehicle. Appellant claims Andrew agreed and storage fees were never discussed. Although appellant claims Andrew never called her to tell her when her car had been repaired, Andy's Automotive alleges it demanded payment from appellant, but she refused to pay. The record indicates that Andrew served appellant with a letter and notice stating that, if she did not pay her bill, the vehicle would be deemed abandoned, and he would file an unclaimed motor vehicle affidavit with the Ohio Bureau of Motor Vehicles. On January 2, 2005, Andrew filed an unclaimed motor vehicle affidavit regarding the 1993 Chrysler Lebaron, which was titled in the name of Willie L. Johnson. On February 4, 2005, title to the 1993 Chrysler Lebaron was transferred to Andy's Automotive.
 {¶ 3} In November 2005, appellant went to Andy's Automotive to retrieve her car, but Andrew told her the city of Columbus had taken the vehicle. Appellant then learned that, on February 4, 2005, Andy's Automotive had claimed her car and filed an "unclaimed affidavit," alleging appellant had not claimed her vehicle. She claims that notice of the actions was not properly served upon her by Andy's Automotive.
 {¶ 4} On January 5, 2006, appellant filed a pro se complaint against H M Auto Service, defendant-appellee; Andy's Automotive; Herman Anderson, defendant-appellee; and Andrew (collectively "appellees"). The complaint included claims for fraud; silent fraud; innocent misrepresentation; motor vehicle theft; grand larceny; embezzlement and illegal appropriation; failure to serve notice of process and conspiracy; and fraud, civil *Page 3 
conspiracy, and fraudulent transfer. A trial on the matter was scheduled for January 4, 2007.
 {¶ 5} On December 12, 2006, appellant filed a motion to change the trial date, claiming appellees had been "extremely uncooperative" and failed to provide "usable" discovery materials so that she could properly proceed with a trial. On December 20, 2006, appellees filed a memorandum in opposition, in which appellees countered that they had provided all the required materials to appellant. On January 4, 2007, appellees submitted a trial brief and were prepared to try the matter. Appellant failed to appear for trial.
 {¶ 6} On January 12, 2007, the trial court filed a decision and entry denying appellant's motion to change the trial date, and an order dismissing the case without prejudice, based upon appellant's failure to appear for trial on January 4, 2007, and prosecute her case. Appellant has appealed the judgment of the trial court. Appellees have filed no appellate brief. Appellant asserts the following assignments of error:
 [I.] The trial Court committed Reversible Error in denying Appellant's Motion for Continuance and dismissing the Case.
 [II.] The trial Court dismissed the Case without Notice and this is reversible Error.
 [III.] The trial Court dismissal of Case also is a Due Process Violation 14th
Amendment of the U.S. Constitution, because the process due was not provided, and access to Court was denied. Genuineness Issues exist and Ohio Courts prefer cases tried upon their Merit, and any failure thereof is a Procedural Due Process Violation.
 [IV.] In reference to above Errors Prejudicial Error is demonstrated towards a Prose Litigant. *Page 4 
 {¶ 7} Before addressing appellant's assignments of error, we must address another issue not raised by appellant. The trial court dismissed appellant's action pursuant to Civ.R. 41(B)(1) without prejudice. Pursuant to Civ.R. 41(B)(3), a dismissal under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Here, the trial court specified that the action was dismissed without prejudice. Generally, a dismissal without prejudice constitutes "an adjudication otherwise than on the merits" with no res judicata bar to refiling the suit. Thomas v.Freeman (1997), 79 Ohio St.3d 221, 225, fn. 2. This is because a dismissal without prejudice places the parties in the same position they were in before they filed the action. Schmieg v. Ohio Dept. of HumanServ. (Dec. 19, 2000), Franklin App. No. 00AP-561. In addition, generally, a dismissal without prejudice is not a final appealable order, so long as a party may refile or amend a complaint. See id. In order to be permitted to refile the complaint, the party must be able to refile the suit "within the applicable statute of limitations, or otherwise * * * in a manner permitted by the savings statute." SeeBrubaker v. Ross, Franklin App. No. 01AP-1431, 2002-Ohio-4396, at ¶ 13, citing Mihalcin v. Hocking College (Mar. 20, 2000), Athens App. No. 99CA32. Therefore, to determine whether the trial court's dismissal without prejudice, in the present case, is a final appealable order, we must examine whether the statutes of limitations or the savings statute precludes appellant from refiling her complaint.
 {¶ 8} The statutes of limitations for appellant's claims vary, and some are difficult to determine based upon appellant's unconventional terminology in identifying and describing her causes of action. Regardless, R.C. 2305.19(A), the savings statute, generally provides a party a limited period in which to refile a claim that had been *Page 5 
dismissed otherwise than upon the merits, even though the claim would be time barred under the statute of limitations. Charles v. Conrad, Franklin App. No. 05AP-410, 2005-Ohio-6106, at ¶ 10. Specifically, R.C.2305.19(A) provides:
 In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.
Further, where R.C. 2305.19 applies, the date for filing a new action relates back to the filing date for the preceding action for limitations purposes. Frysinger v. Leech (1987), 32 Ohio St.3d 38, 42. In this regard, the savings statute serves to revive an action commenced before the statute of limitations has expired. See Mihalcin, supra. R.C.2305.19(A) may only be used once to refile a case and only once to extend the statute of limitations. Thomas, supra, at 227.
 {¶ 9} In the present case, appellant's claims failed otherwise than upon the merits, and she had never before used the savings statute; thus, she could commence a new action within one year of the January 12, 2007 judgment or within the period of the original applicable statutes of limitations, whichever occurred later. Accordingly, even if the statutes of limitations had since expired on some of appellant's claims, which we are in no way finding they had, appellant would have still been permitted to take advantage of the savings statute to refile her claims. As appellant could either refile her claims within one year of their dismissal or file them within their applicable statutes of limitations, the *Page 6 
trial court's dismissal without prejudice was not a final appealable order. See Schmieg, supra. For this reason, this court is without jurisdiction to address appellant's assignments of error.
 {¶ 10} Accordingly, appellant's appeal is dismissed as not having been taken from a final appealable order.
Appeal dismissed.
 KLATT and FRENCH, JJ., concur. *Page 1