[Cite as *In re Z.S.*, 2013-Ohio-1042.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99082**

---

# IN RE: Z.S.
# A Minor Child

[Appeal By N.S.]

---

## JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR-10700292

**BEFORE:**     E.T. Gallagher, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**     March 21, 2013

**ATTORNEY FOR APPELLANT**

Jeffrey F. Slavin
1810 The Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE, C.J.F.S., F.K.A. C.S.E.A**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Joseph C. Young
Assistant Prosecuting Attorney
Cuyahoga Job & Family Services
P.O. Box 93894
Cleveland, Ohio 44101-5984

EILEEN T. GALLAGHER, J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Plaintiff-appellant N.S. ("appellant") appeals the trial court's dismissal of his complaint without prejudice. Because we conclude that the order granting the motion to dismiss is not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

**{¶3}** In January 2010, appellant filed a complaint to vacate his paternity acknowledgment and attached a copy of genetic test results dated April 11, 2005. He alleged that when Z.S. was born on September 9, 2004, he believed he was Z.S.'s father and signed an affidavit acknowledging paternity. Approximately seven months after Z.S.'s birth, results from a genetic test indicated that appellant could not be Z.S.'s biological father. Yet, appellant did not file a complaint to vacate his paternity acknowledgment until nearly five years later.

**{¶4}** Shortly after filing the complaint, appellant filed a motion to compel the mother, N.B. ("mother"), and Z.S. to submit to genetic testing. Following a hearing, a magistrate dismissed the case without prejudice because appellant failed to submit "genetic test results from a genetic test administered no more than six months prior to the filing of the motion for relief," as required by R.C. 3119.962(A)(1)(a). The magistrate concluded that the juvenile court lacked authority to order the parties to submit to genetic testing under the facts presented in the case, based on this court's decision in *State ex rel. Rojas v. Guilfu*, 8th Dist. No. 84145, 2004-Ohio-6707. The trial court adopted the

magistrate's decision, overruled appellant's objections, and dismissed the case without prejudice, and appellant appealed. This court dismissed the appeal for lack of a final, appealable order. *In re Z.S.*, 8th Dist. No. 96500, 2011-Ohio-3269, ¶ 23.

{¶5} On remand, appellant filed a second complaint and motion to vacate paternity determination pursuant to R.C. 3119.961 and a motion for genetic testing pursuant to R.C. 2151.231. A magistrate issued a decision denying the motions for failure to state a claim upon which relief could be granted because the genetic test results did not comply with R.C. 3119.962(A)(1)(a). The court overruled appellant's objections, adopted the magistrate's report, and dismissed the case without prejudice. Appellant now appeals and raises one assignment of error.

{¶6} We are unable to reach the merits of appellant's appeal because we do not have jurisdiction. Appellate jurisdiction is limited to reviewing a lower court's final judgment. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶7} R.C. 2505.02 defines a final order for purposes of appeal. Under R.C. 2505.02(B)(1), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the

common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). For purposes of this case, we will assume that the trial court's dismissal for failure to state a claim upon which relief might be granted affected a substantial right — i.e., the right to be relieved of paternal obligations, including child support for another man's child.

{¶8} To be final, however, "an order must also determine an action and prevent a judgment." *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 7; R.C. 2505.02(B)(1). "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Id.*, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶9} Ordinarily, a dismissal without prejudice constitutes "an adjudication otherwise than on the merits" with no res judicata bar to refiling the suit.[1] *Thomas v. Freeman*, 79 Ohio St.3d 221, 225, 1997-Ohio-395, 680 N.E.2d 997, fn. 2. A dismissal without prejudice leaves the parties in the same position they were in prior to the action being filed. *Id.*, citing *Johnson v. H&M Auto Serv.,* 10th Dist. No. 07AP-123,

---

[1] The "double dismissal rule" contained in Civ.R. 41(A)(1) provides that plaintiff's second voluntary dismissal constitutes an adjudication on the merits. The double dismissal rule is inapplicable in the instant case, which involves an involuntary dismissal of appellant's complaint by the court.

2007-Ohio-5794, ¶ 7. Thus, in most cases, such as this one, "a dismissal without prejudice is not a final appealable order because a party may refile or amend a complaint." *Id. See also Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, ¶ 24. In other words, appellant may file yet another complaint to seek relief of his paternity acknowledgment by complying with the requirements set forth in R.C. 3119.962(A)(1)(a) or, in the alternative, by demonstrating that mother willfully refused to submit Z.S. to genetic testing as provided in R.C. 3119.963(B). *State ex rel. Rojas v. Guilfu*, 8th Dist No. 84145, 2004-Ohio-6707, ¶ 16.

{¶10} Because the juvenile court's order was not final, this court lacks jurisdiction and must dismiss the appeal.

{¶11} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN A. KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR