[Cite as *In re Guardianship of Dougherty*, 2014-Ohio-9.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF CHARLES ROBERT DOUGHERTY. | : | MEMORANDUM OPINION |
|  | : | CASE NO. 2013-A-0048 |

Civil Appeal from the Ashtabula County Court of Common Pleas, Probate Division. Case No. 2012 GI 043.

Judgment: Appeal dismissed.

*Jonathan W. Winer*, 5276 Rome Rock Creek Road, Rome, OH 44085-9616 (For Appellant Veronica K. Wessell).

TIMOTHY P. CANNON, P.J.

{¶1} On August 12, 2013, appellant, Veronica K. Wessell, filed a notice of appeal from a July 23, 2013 judgment entry of the Ashtabula County Court of Common Pleas, Probate Division. In that entry, the trial court adopted the magistrate's decision and dismissed the "Application for Guardianship, without prejudice."

{¶2} On December 4, 2013, this court issued an order for appellant to show cause as to why this matter should not be dismissed for lack of a final, appealable order as it was an appeal from a dismissal without prejudice. Appellant filed her memorandum on jurisdiction on December 16, 2013. Appellant argued that the probate

court erred by not allowing testimony to establish jurisdiction of the proposed ward. Appellant further maintains that the dismissal of her guardianship application without prejudice is "in reality an adjudication upon the merits."

{¶3}   According to Section 3(B)(2), Article IV of the Ohio Constitution, "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *." *E.g.*, *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶3; *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is neither final nor an order set forth in R.C. 2505.02, an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶4}   A dismissal without prejudice constitutes "an adjudication otherwise than on the merits." *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2; *see also Ackley v. Ryan*, 11th Dist. Lake No. 2009-L-143, 2010-Ohio-477, ¶4. This is because a dismissal without prejudice leaves the parties in the same position they were in prior to the action being filed. *Id.*, citing *Johnson v. H & M Auto Serv.*, 10th Dist. Franklin No. 07AP-123, 2007-Ohio-5794, ¶7. In general, a dismissal without prejudice is not a final, appealable order because a party may refile or amend the complaint. *Id.*

{¶5}   In the case at bar, the trial court specified that the action was dismissed without prejudice. Because appellant is able to refile her application for guardianship within the time prescribed by law, the trial court's dismissal without prejudice is not a

2

final, appealable order. Consequently, this court lacks jurisdiction at this time to consider the instant appeal.

{¶6} Appeal dismissed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

3