[Cite as *Heart v. Ferron*, 2021-Ohio-2184.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

JOHN HEART,

        Plaintiff-Appellant,

- v -

JOHN FERRON, M.D.,

        Defendant-Appellee.

CASE NO. 2021-L-035

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 001264

## MEMORANDUM OPINION

Decided: June 28, 2021
Judgment: Appeal Dismissed

*John Heart*, pro se, 6112 Althea Drive, Painesville, OH 44077 (Plaintiff-Appellant).

*David T. Moss*, Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, OH 44333 (For Defendant-Appellee).

MARY JANE TRAPP, P.J.

{¶1} On March 2, 2021, appellant, John Heart, pro se, filed a notice of appeal from a February 2, 2021 judgment of the Lake County Court of Common Pleas. In that entry, the trial court granted the motion for judgment on the pleadings filed by appellee, John Ferron, M.D., denied appellant's motion to proceed without an affidavit of merit, and "dismissed without prejudice" appellant's complaint.

{¶2} An appellate court may only consider appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2),

Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone,* 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3} Pursuant to Civ.R. 41(B)(3), a dismissal under division (B) of this rule "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." In general, a dismissal without prejudice constitutes "an adjudication otherwise than on the merits" with no res judicata bar to refiling the suit. *Thomas v. Freeman,* 79 Ohio St.3d 221, 225, fn. 2 (1997); *see, also, Thomas v. Target Stores*, 11th Dist. Geauga No. 2009-G-2906, 2010-Ohio-1158, at ¶ 18. As previously stated by this court, a dismissal without prejudice leaves a party in the same position he or she would have been in prior to the action being filed. *Id.* citing to *Johnson v. H & M Auto Service et al.*, 10th Dist. No. 07AP-123, 2007-Ohio-5794, at ¶ 7. We further note that a dismissal without prejudice is not a final appealable order because a party may refile or amend a complaint. *Id.*

{¶4} Here, because the trial court's dismissal of appellant's complaint was without prejudice, he cannot now appeal. Since appellant may have the ability to refile his complaint, the trial court's dismissal without prejudice is not a final appealable order. Accordingly, this appeal is hereby, sua sponte, dismissed for lack of jurisdiction.

{¶5} Appeal dismissed.

CYNTHIA WESTCOTT RICE, J.,
MATT LYNCH, J.,
concur.

2

Case No. 2021-L-035