[Cite as *Mould v. Burwell*, 2025-Ohio-1622.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DON MOULD                      :         JUDGES:

                                   :         Hon. Andrew J. King, P.J.

        Plaintiff-Appellant        :         Hon. Kevin W. Popham, J.

                                   :         Hon. David M. Gormley, J.

-vs-                          :

                                   :

DR. DANIEL BURWELL         :         Case No. 2024 CA 0090

                                   :

        Defendant-Appellee      :         O P I N I O N

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 23 CV 377R

JUDGMENT:                       Dismissed

DATE OF JUDGMENT:            May 6, 2025

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

J.C. RATLIFF                         DANIEL T. DOWNEY
ROCKY RATLIFF                      MATTHEW J. YOUNG
200 West Center Street                7775 Walton Parkway
Marion, OH  43302                    Suite 200
                                        New Albany, OH  43054

*King, J.*

{¶ 1} Plaintiff-Appellant, Don Mould, appeals the October 18, 2024 judgment entry of the Court of Common Pleas of Richland County, Ohio, dismissing his action for declaratory judgment against Defendant-Appellee, Dr. Daniel Burwell. We dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 19, 2019, Alexander Jose Rios was booked into the Richland County Jail. He demanded his release and was standing atop a concrete privacy wall within his cell. For safety reasons, officers were instructed to place him in a restraint chair. When Mr. Rios exited the cell, he proceeded to run around the booking area. Officers used physical force and tasers to restrain him. Following this incident, Mr. Rios was taken to the hospital where he never regained consciousness and died seven days later.

{¶ 3} On October 2, 2019, Dr. Burwell, the Richland County Coroner, signed a Certificate of Death and listed the manner of death as "pending investigation" and the cause of death as "pending." An autopsy was conducted by Deputy Coroner Amanda Paul, a forensic pathologist with the Montgomery County Coroner's Office. Following the autopsy, Dr. Burwell issued a Comprehensive Report of Death Investigation and a Supplemental Medical Certification on November 27, 2019, and listed in both documents the manner of death as "accident" and the cause of death as "excited delirium."

{¶ 4} In 2020, Mr. Rios's mother, Toni Mould, filed a wrongful death action against Richland County officials and employees on behalf of the estate. In 2022, a $4,000,000 settlement was reached and a release of all claims was signed by the estate.

{¶ 5} On July 24, 2023, Mould, Mr. Rios's stepfather, filed a complaint for declaratory judgment and request for evidentiary hearing. The complaint set forth one count: "Correction of Coroner's Erroneous Determination - RC. § 313.19." The prayer for relief asked the trial court to direct Dr. Burwell "to change both the manner and cause of death of Alexander Jose Rios to Homicide, and Positional Asphyxia as a result from restraint of another." In support of his complaint, Mould provided expert opinions on the use of force and the manner and cause of death.

{¶ 6} On July 24, 2024, Dr. Burwell filed a motion for summary judgment, arguing Mould could not meet his burden under R.C. 313.19 and challenging the expert opinions. Dr. Burwell further argued a statute of limitations violation and also the aforementioned settlement agreement prevented any further actions by any beneficiaries and heirs to the estate such as Mould. A response and reply were filed; a hearing was not held. By judgment entry filed October 18, 2024, the trial court dismissed the action for declaratory judgment without prejudice, finding declaratory judgment was not the appropriate means to resolve the matter "committed to a special statutory proceeding," citing *State v. Perez,* 78 Ohio St.3d 376 (1997), and *State ex rel. Albright v. Delaware County Court of Common Pleas,* 60 Ohio St.3d 40 (1991). Despite the dismissal, the trial court went on for some seven pages to analyze the motion for summary judgment and found Dr. Burwell would have been entitled to summary judgment because of the release of all claims signed by Mould, but determined the motion was moot in light of the dismissal. Therefore, the analysis and "finding" are of no consequence.

{¶ 7} Mould filed an appeal with the following assignments of error:

I

{¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED PLAINTIFF'S COMPLAINT AND DETERMINED THAT AN ACTION FOR DECLARATORY JUDGMENT IS INAPPROPRIATE WHEN BRINGING AN ACTION UNDER O.R.C. §313.19 TO CHALLENGE A CORONER'S FINDINGS OF MEANS AND CAUSE OF DEATH."

II

{¶ 9} "THE TRIAL COURT ERRED WHEN, WITHOUT HOLDING A MANDATED HEARING, IT DISMISSED THE PLAINTIFF'S ACTION FOR A DECLARATORY JUDGMENT WHEN O.R.C. §313.19 MANDATES A HEARING PRIOR TO A DETERMINATION BY THE COURT AS TO WHETHER RELIEF SHOULD BE GRANTED."

{¶ 10} At the outset, we will address the issue of whether this court has jurisdiction over this appeal. In order for this court to have jurisdiction, we must have a final appealable order. *General Accident Insurance Co. v. Insurance Company of North America*, 44 Ohio St.3d 17, 20 (1989); Ohio Const., art. IV, § 3(B)(2); R.C. 2505.02.

{¶ 11} In its October 18, 2024 judgment entry, the trial court dismissed the action for declaratory judgment "as an inappropriate means to resolve a matter committed to a special statutory proceeding." The trial court specifically dismissed the declaratory judgment action without prejudice. "Generally, a dismissal without prejudice constitutes 'an adjudication otherwise than on the merits' with no res judicata bar to refiling the suit." *Johnson v. H & M Auto Service*, 2007-Ohio-5794, ¶ 7 (10th Dist.), citing *Thomas v. Freeman,* 79 Ohio St.3d 221, 225, fn. 2 (1997). "A dismissal without prejudice leaves the

parties as if no action had been brought at all." *De Ville Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272 (1959). Therefore, a dismissal without prejudice is not a final appealable order unless a party cannot refile the complaint within the applicable statute of limitations or under the savings statute. *Johnson* at ¶ 7, citing *Brubaker v. Ross,* 2002-Ohio-4396, ¶ 13. In its judgment entry, the trial court found the applicable statute of limitations was ten years. The cause of action arose in 2019. Because Mould can refile his action, the trial court's dismissal without prejudice is not a final appealable order. And because there is no final appealable order, we lack jurisdiction to entertain this appeal.

{¶ 12} Accordingly, the appeal is dismissed.

By: King, P.J.

Popham, J. and

Gormley, J. concur.