J. Dean Carro, for appellee.

FOWEE ET AL., APPELLEES, *v.* WESLEY HALL, INC., APPELLANT.

[Cite as *Fowee v. Wesley Hall, Inc.,*
108 Ohio St.3d 533, 2006-Ohio-1712.]

(No. 2005–0272—Submitted October 26, 2005—Decided April 19, 2006.)

O'Connor, J.

{¶ 1} We are asked to consider whether the saving statute, R.C. 2305.19, which permits refiling within one year after dismissal of a case that failed otherwise than on the merits, applies to employee-claimant dismissals of employer-initiated appeals from orders of the Industrial Commission pursuant to R.C. 4123.512. We hold that R.C. 2305.19 applies for all employee-claimant petitions required to be filed pursuant to R.C. 4123.512(D).

## I. Facts and Procedural History

{¶ 2} Appellee Bonnie R. Fowee was injured in the course and scope of her employment with appellant Wesley Hall, Inc. She filed a workers' compensation claim, which the Industrial Commission allowed for the condition of "lumbar sprain." In March 2002, she filed an application with the Industrial Commission to amend her claim to include various low-back conditions. The amended claim was allowed by a district hearing officer, and the allowance was affirmed by a staff hearing officer. Wesley Hall appealed the order allowing the amended claim, but the Industrial Commission refused to hear the appeal.

{¶ 3} On August 23, 2002, Wesley Hall appealed the order allowing the amendment of Fowee's claims to the common pleas court pursuant to R.C. 4123.512(A). The Administrator of Workers' Compensation was made a party as required by R.C. 4132.512(B). Fowee filed a petition within the time prescribed by R.C. 4123.512(D) but dismissed it on December 5, 2002, pursuant to Civ.R. 41(A)(1)(a).

{¶ 4} On December 19, 2003, one year and 14 days after Fowee dismissed the complaint, Wesley Hall moved for judgment on the pleadings because Fowee had failed to refile her complaint within the one-year period prescribed by the saving statute.

{¶ 5} The trial court, on the authority of this court's decision in *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411, 415, 704 N.E.2d 1212, granted Wesley Hall's motion for judgment on the pleadings, reversing the decision of the Industrial Commission and denying Fowee's amended claim for additional conditions.

{¶ 6} Fowee appealed, raising in support of a single assignment of error the issue of whether an employee-claimant's failure to meet the time limit for filing the petition, whether or not extended by R.C. 2305.19, can alone warrant judgment for the employer. The appellate court reversed, holding that R.C. 2305.19 applies only to the party that commences the action with a notice of appeal and thus has no application to a claimant in an employer-initiated appeal, even though it applies to the claimant in a claimant-initiated appeal.

{¶ 7} This cause is now before this court upon the acceptance of Wesley Hall's discretionary appeal.

## II. Analysis

{¶ 8} The issue squarely before the court is whether the saving statute, R.C. 2305.19,[1] applies to employer-initiated appeals, pursuant to R.C. 4123.512(A), of decisions by the Industrial Commission. The circumstance giving rise to this issue, an employee's dismissal of the appeal pursuant to Civ.R. 41(A)(1)(a), was directly addressed in *Kaiser*,[2] supra.

{¶ 9} The primary concern in holding that the employee can dismiss the employer's appeal is the employee's ability to interminably prolong the proceed-

---

1. The version of R.C. 2305.19 in effect at the time of Fowee's dismissal of her petition stated: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. This provision applies to any claim asserted in any pleading by a defendant." 1953 H.B. No. 1.

2. After answering in the common pleas court, the Administrator of Workers' Compensation did not participate again in the R.C. 4123.512 appeal until submitting his brief in this court, in which he argues that this court's decision in *Kaiser* and *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 691 N.E.2d 667, should be overruled. Nothing in the case at bar suggests a rationale for overturning the precedent in *Kaiser* and *Robinson*. See, generally, *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus (setting forth criteria for overruling precedent).

ings. In dicta, the majority in *Kaiser* stated that the saving statute would prevent that result. 84 Ohio St.3d at 416, 704 N.E.2d 1212, citing *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285 (which held only that the saving statute applied to voluntary dismissals of *employee-claimant*-initiated appeals). A number of appellate courts followed this instruction. *McKinney v. Bur. of Workers' Comp.*, 10th Dist. No. 04AP–1086, 2005-Ohio-2330, 2005 WL 1118194; *Goodwin v. Better Brake Parts, Inc.*, 3d Dist. No. 1–04–37, 2004-Ohio-5095, 2004 WL 2260513; *Smith v. Continental Airlines*, Inc., 8th Dist. No. 81010, 2002-Ohio-4181, 2002 WL 1879004; *Harsco Corp. v. Bishop* (Oct. 1, 2001), 12th Dist. No. CA2000–12–052, 2001 WL 1154548. The First District Court of Appeals, however, held the reverse based on an incorrect interpretation of the phrase "commence a new action" as that phrase is used in R.C. 2305.19.[3]

{¶ 10} The First District adopted the discussion of this court in *Robinson v. B.O.C. Group, Gen. Motors Corp.*(1998), 81 Ohio St.3d 361, 691 N.E.2d 667, that addressed whether the employee-claimant may pursue Civ.R. 41(A)(2) dismissal in the context of an employer-initiated appeal under R.C. 4123.512(A). We stated, "It seems reasonably clear that the General Assembly contemplated that the filing of the notice of appeal, not the complaint, commences the action." 81 Ohio St.3d at 365, 691 N.E.2d 667. The First District incorrectly seized upon this language to hold that R.C. 2305.19 (which applies to "an action commenced" and gives "the plaintiff" the right to "commence a new action") must apply only to the party that commenced the action, namely, the employer.

{¶ 11} The analysis of R.C. 2305.19 is more properly guided in light of its controlling statute, R.C. 2305.17. R.C. 2305.17 provides:

{¶ 12} "An action is commenced within the meaning of sections 2305.03 to 2305.22 and sections 1302.98 and 1304.35 of the Revised Code by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." [4]

{¶ 13} As noted by the First District Court of Appeals, we summarized the rules of statutory construction for workers' compensation cases in *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 39–40, 741 N.E.2d 121: "[I]t is the duty of the court to give effect to the words used in a statute * * *. If the meaning of the statute is unambiguous and definite, it must be applied as written."

---

3. The First District's opinion quotes the current version of the statute, enacted by 2004 Am.Sub. H.B. No. 161. That version did not go into effect until May 31, 2004. However, no changes affecting the analysis were introduced.

4. The requirement of praecipe contained in R.C. 2305.17 has been superseded by Civ.R. 3(A) and 4.

{¶ 14} In the R.C. 4123.512 appeals process, the obligation to file the petition falls squarely on the employee-claimant. The petition must contain a statement of facts showing a cause of action and setting forth the basis for jurisdiction. R.C. 4123.512(D).

{¶ 15} Under R.C. 4123.512(D), service of summons with the petition is not required; however, the clerk of courts "shall * * * transmit by certified mail a copy thereof to each party named in the notice of appeal other than the claimant." This is more than sufficient to establish that for the purposes of R.C. 2305.19, it is the filing of the petition (without which the substantive appeal cannot proceed), with the required notice to the relevant parties, that commences the action.

{¶ 16} Moreover, the analysis by the First District Court of Appeals raises form over substance. The employee-claimant is considered the plaintiff for all other aspects of the employer-initiated appeal. *Robinson*, 81 Ohio St.3d at 369, 691 N.E.2d 667, and *Kaiser*, 84 Ohio St.3d at 414, 704 N.E.2d 1212.

{¶ 17} As noted in *Robinson*, "[r]egardless of who files the notice of appeal, the action belongs to the claimant." 81 Ohio St.3d at 366, 691 N.E.2d 667. The claimant has the burden of going forward with evidence and proof to the satisfaction of the common pleas court, despite already having satisfied a similar burden before the Industrial Commission. Id.

{¶ 18} Given the definitional analyses of R.C. 2305.17 and 2305.19, and recognizing that in all other aspects of the case the employee-claimant is considered the plaintiff, we hold that for the limited purposes of R.C. 2305.17 and 2305.19, the employee-claimant commences the action.

{¶ 19} From this, it is clear that for the purposes of R.C. 2305.17, Fowee did commence the action, because she filed the required petition with the clerk of courts. Further, considering Fowee as the plaintiff for the purposes of R.C. 2305.19, pursuant to *Robinson*, 81 Ohio St.3d at 369, 691 N.E.2d 667, and *Kaiser*, 84 Ohio St.3d at 414, 704 N.E.2d 1212, the statute, with its one-year limitation on refiling, applies. We hold that in an employer-initiated workers' compensation appeal, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal. The judgment on the pleadings in favor of Wesley Hall was proper.

{¶ 20} Fowee argues that a lack of compliance with any statute of limitations for filing the required petition is not fatal to the claim, pursuant to *Singer Sewing Machine Co. v. Puckett* (1964), 176 Ohio St. 32, 26 O.O.2d 303, 197 N.E.2d 353, paragraph three of the syllabus. In *Puckett*, which also involved an employer-initiated appeal, the employee missed the 30–day statute of limitations for filing the required petition, and upon motion by the employer, judgment was summarily

entered in the employer's favor. This court held that judgment entered in such a fashion was improper: "Since some claimants, at least, are not represented by counsel, they may be unaware of their obligation to file a petition on appeal." Id. at 37, 26 O.O.2d 303, 197 N.E.2d 353.

{¶ 21} The instant circumstances do not align with *Puckett*. Here, we have an employee-claimant who knowingly filed the initial petition in a timely manner but then, pursuant to our precedent in *Kaiser*, dismissed the proceedings. She is not the proverbial employee "unaware" of the obligation to file the petition as discussed in *Puckett*, and her deliberate action drives the distinction created here.

{¶ 22} Today's holding should come as no surprise. Our opinions have consistently held that the employee-claimant, despite having proven her claim before the Industrial Commission, continues to carry the burden of initially filing the petition and proving her cause of action in what is essentially a trial de novo. *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 71, 11 OBR 315, 464 N.E.2d 133. This remains true even when the employer seeks the appeal. As a result of the adjudication structure in these cases, some of the privileges of plaintiff status are conferred on the employee-claimant. This decision makes clear that with those privileges come some of the plaintiff's responsibilities as well.

Judgment reversed.

Moyer, C.J., Pfeifer, Lundberg Stratton and Lanzinger, JJ., concur.

Resnick and O'Donnell, JJ., concur in judgment only.

---

**O'Donnell, J., concurring in judgment only.**

{¶ 23} While I concur with the majority in judgment, I write separately to highlight that our decision today does nothing more than restate the law that has applied to employer appeals from workers' compensation awards for several years.

{¶ 24} The issue arises because it is the obligation of the employee to file a complaint after an employer files a notice of appeal with the common pleas court from an adverse administrative ruling. Although the employer is the appellant, the employee has the obligation to file the complaint. The single legal issue here concerns whether the employer is entitled to judgment on the pleadings when the employee voluntarily dismisses the complaint and fails to refile it within the appropriate time period of the saving statute, R.C. 2305.19.

{¶ 25} In 1980, we decided *Zuljevic v. Midland–Ross Corp.* (1980), 62 Ohio St.2d 116, 16 O.O.3d 140, 403 N.E.2d 986, in which we stated that when an employer appeals an unfavorable administrative decision to the common pleas

court, the claimant must re-establish his workers' compensation claim in that court even though the claimant previously satisfied a similar burden at the administrative level.

{¶ 26} Moreover, we previously addressed this issue in *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411, 415, 704 N.E.2d 1212, a case recognizing an employee's right to voluntarily dismiss an employer's appeal to the court of common pleas. There, we noted:

{¶ 27} "Furthermore, an employee cannot perpetually delay refiling after a voluntary dismissal because the saving statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285; *Ross v. Wolf Envelope Co.* (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported, 1990 WL 109082. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. *Rice v. Stouffer Foods Corp.* (Nov. 6, 1997), Cuyahoga App. No. 72515, unreported, 1997 WL 691156. The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint."

{¶ 28} Similarly, in *Smith v. Continental Airlines, Inc.*, Cuyahoga App. No. 81010, 2002-Ohio-4181, ¶ 21, a case addressing the issue before us now, the Eighth District Court of Appeals stated: "[W]e conclude that the trial court retained jurisdiction over [the employer's] notice of appeal, and the court therefore erred in not granting its motion for judgment on the pleadings when [the employee] failed to refile his complaint within the one-year period described in R.C. 2305.19."

{¶ 29} Thus, based on our prior decisions as well as those of appellate courts, Ohio law is settled with respect to this issue. Though the situation is confusing, and perhaps frustrating for employers, the General Assembly could correct it if it chose to do so. It could simply direct the employer in an employer appeal to file the complaint in common pleas court and still keep the burden of proof and the burden of going forward with evidence on the claimant. Although that procedure would be awkward, I believe the litigants would adjust. Courts frequently encounter this dynamic in the criminal context in suppression hearings. There, the state maintains the burden of going forward with the evidence and establishing admissibility, despite the fact that the defendant has filed the motion to suppress. See, e.g. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. There is no reason to suggest that such a system would not be feasible in this situation as well, if the legislature so prescribed.

{¶ 30} For the reasons stated herein, I concur in judgment only.

Clements, Mahin & Cohen, Co., L.P.A., and Edward N. Cohen, for appellee Bonnie R. Fowee.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, and Elise W. Porter and Dianna K. Bond, Assistant Attorneys General, for appellee William Mabe, Administrator of Workers' Compensation.

Graydon, Head & Ritchey, L.L.P., and Amy Lippert, for appellant.