THORTON, APPELLEE, *v.* MONTVILLE PLASTICS & RUBBER, INC., APPELLANT; ADMR., BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *Thorton v. Montville Plastics & Rubber, Inc.,* 121 Ohio St.3d 124, 2009-Ohio-360.]

(No. 2007–1588—Submitted October 1, 2008—Decided February 5, 2009.)

O'CONNOR, J.

{¶ 1} In this appeal, we address whether the provisions of 2006 Am.Sub.S.B. No. 7, which amended R.C. 4123.512, are retroactive or prospective. We conclude that only those provisions that amended R.C. 4123.512(H) are retroactive and that the remainder of the provisions are prospective. We therefore affirm the judgment of the court of appeals, but on different grounds than those given by that court.

### Relevant Background

{¶ 2} Appellant, Montville Plastics & Rubber, Inc., is a plastics manufacturer in Parkman, Ohio. Appellee Robert Thorton alleges that he was injured seriously on June 27, 2005, while working for Montville. The following day, a claim on his behalf was filed with the Bureau of Workers' Compensation ("BWC").

{¶ 3} Shortly thereafter, the BWC issued an order recognizing Thorton's claim for temporary total disability compensation, and the payment of compensation commenced. Montville timely appealed that order to the Industrial Commission.

{¶ 4} Following a hearing on January 4, 2006, a staff hearing officer affirmed the order. After the Industrial Commission refused a further appeal, Montville appealed to the court of common pleas on March 1, 2006. In accordance with the dictates of R.C. 4123.512(D), Thorton responded by filing a complaint setting forth his claim, and Montville answered. In its answer, Montville denied that Thorton's injuries had arisen from his employment with Montville. After preliminary orders, the trial judge set the case for trial on November 27, 2006.

{¶ 5} On March 28, 2006, while Thorton's case was pending, the General Assembly passed Am.Sub.S.B. No. 7, which amended R.C. 4123.512(D). As relevant here, the amendments provided that a claimant in a workers' compensation action "may not dismiss the complaint without the employer's consent if the

employer is the party that filed the notice of appeal to court pursuant to this section." Although the governor signed the bill that same day, the amendments did not become effective until August 25, 2006, due to the filing of a referendum petition.

{¶ 6} On October 14, 2006, Montville served notice that it would take Thorton's deposition on October 20, 2006. On October 19, 2006, acting pursuant to Civ.R. 41(A)(1)(a), Thorton filed a notice of voluntary dismissal with the trial court, asserting that the dismissal was without prejudice. Montville did not consent to the dismissal.

{¶ 7} On October 31, 2006, the trial court endorsed Thorton's notice of dismissal with the phrase "it is so ordered" and journalized the entry.

{¶ 8} Shortly thereafter, Montville learned that it was no longer eligible to participate in a cost-saving group-rated workers' compensation program offered by the Ohio Manufacturers Association. Montville alleges that this loss of eligibility was due to Thorton's dismissal of its appeal and Montville's inability to obtain a judicial determination that Thorton's claim had been improperly allowed. Montville claims that as a result, it no longer benefits from the savings offered by the program, which amounted to $100,000 per year.

{¶ 9} On November 30, 2006, Montville appealed the trial court's decision to the court of appeals. In that appeal, Montville asserted that the notice of dismissal filed by Thorton constituted a notice of dismissal *with prejudice* due to the Am.Sub.S.B. No. 7 amendment to R.C. 4123.512(D) and that the dismissal therefore amounted to an abandonment of his claim.

{¶ 10} The court of appeals dismissed the appeal as untimely. *Thorton v. Montville Plastics & Rubber, Inc.*, Geauga App. No. 2006–G–2744, 2007-Ohio-3475, 2007 WL 1965432. According to that court, the appeal time began running when Thorton filed his voluntary dismissal (October 19), not when the trial court endorsed the dismissal (October 31). In the appellate court's analysis, the trial court's endorsement of the notice of dismissal was a nullity because the dismissal was self-executing, and the mere filing of the dismissal terminated the case without any action by the trial court. Thus, according to the court of appeals, Montville's appeal was untimely under App.R. 4 because it was not filed within 30 days of the notice of dismissal.

## Analysis

{¶ 11} In *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, we held that the saving statute, R.C. 2305.19, applies to employer-initiated workers' compensation appeals pursuant to R.C. 4123.512(A). In so doing, we stated that "[i]n an employer-initiated workers' compensation appeal * * *, after the employee-claimant files the petition as required by R.C. 4123.512

and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal." Id. at syllabus.

{¶ 12} Our decision in *Fowee* was based largely on dicta from an earlier decision, *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411, 416, 704 N.E.2d 1212, which had suggested that the saving statute applied to claims brought under R.C. 4123.512(A). In *Fowee,* we adopted the dicta of *Kaiser, Fowee* at ¶ 19, and also reiterated our prior holding in *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 366, 691 N.E.2d 667, that "regardless of who files the notice of appeal, the action belongs to the [employee-claimant]" and that the employee-claimant "has the burden of going forward with evidence and proof to the satisfaction of the common pleas court, despite already having satisfied a similar burden before the Industrial Commission," *Fowee* at ¶ 17, citing *Robinson.*

{¶ 13} Our decision in *Fowee* expressly recognized that "[t]he primary concern in holding that the employee can dismiss the employer's appeal is the employee's ability to interminably prolong the proceedings." *Fowee,* 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, at ¶ 9. But we found, as had most of the courts of appeals that had considered the issue, that this concern was sufficiently addressed by the saving statute, which forces the employee-claimant to refile suit within a year of the dismissal or lose the claim. Id. at ¶ 9, 18–19. We recognized in *Fowee* that the law sometimes led to frustration for employers who were forced to wait for the employee-claimant to refile her claim, but rather than legislating from the bench, we followed our established precedent.[1] Within months of our decision, however, the General Assembly amended R.C. 4123.512(D) through Am.Sub.S.B. No. 7 to address employers' concerns. That legislation is significant in two ways here.

{¶ 14} First, Am.Sub.S.B. No. 7 ended an employee-claimant's unilateral ability to voluntarily dismiss the complaint in an appeal brought by an employer. R.C. 4123.512(D). Now, an employer must consent to the dismissal. Id.

{¶ 15} Second, the General Assembly included an uncodified provision stating its intent that, with one exception, all of the bill's amendments are prospective in effect. See Section 3 of Am.Sub.S.B. No. 7 (*"This act applies to all claims* pursuant to [R.C. Chapter 4123] *arising on and after the effective date of this act,* except that division (H) of section 4123.512 as amended by this act also applies to claims that are pending on the effective date of this act"). (Emphasis added.)

---

1. In *Fowee,* we expressly found that the administrator of workers' compensation had not established any rationale sufficient to overrule our past decisions in *Kaiser* and *Robinson.* Id., 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, ¶ 8, fn. 2.

Thorton's claim arose on the date of his injury, June 27, 2005, see *State ex rel. Schmersal v. Indus. Comm.* (1944), 142 Ohio St. 477, 478, 27 O.O. 404, 52 N.E.2d 863, over a year before S.B. 7's effective date.[2]

{¶ 16} Contrary to Montville's arguments, the General Assembly clearly intended that most of Am.Sub.S.B. No. 7's provisions be applied only prospectively. Moreover, the legislature specifically stated that only one section of the amendment, division (H) of R.C. 4123.512, was to be applied retrospectively. That division, which provides, among other things, that compensation and medical benefits shall continue while the appeal is pending, is not relevant to our resolution of this case. Had the General Assembly intended all of the provisions in Am.Sub.S.B. No. 7 to be retroactive, it could have so provided.

{¶ 17} Even if the General Assembly had not expressly stated its intent, our finding that the remaining provisions in Am.Sub.S.B. No. 7 are prospective only is consistent with our general presumption that laws are prospective in operation unless they are made expressly retroactive. R.C. 1.48.

{¶ 18} It is also consistent with the Legislative Service Commission's Final Analysis of Am.Sub.S.B. No. 7, which similarly found that all of the amendments set forth in the bill, other than subdivision (H) of R.C. 4123.512, are prospective in nature.

{¶ 19} We conclude that the provisions in 2006 Am.Sub.S.B. No. 7 apply prospectively, except that the provisions amending R.C. 4123.512(H) apply retroactively.

{¶ 20} Having found that most of Am.Sub.S.B. No. 7 is prospective only and that Thorton's claim arose before S.B. 7 became effective on August 25, 2006, we conclude that former R.C. 4123.512(D), and not amended R.C. 4123.512(D), applies to Thorton's claim.

{¶ 21} Pursuant to former R.C. 4123.512, Thorton had the right to dismiss Montville's appeal. *Fowee*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193. Montville's frustration with that statute was addressed by the General Assembly, but only for claims that arise after August 25, 2006. Because the provisions in

---

2. As noted earlier, a timely petition to place a referendum against the enactment of Am.Sub.S.B. No. 7 on the 2006 general election ballot was filed with the secretary of state. On August 25, 2006, the secretary of state's office issued a letter to the petitioners certifying that they had not provided a sufficient number of valid signatures and, per R.C. 3519.15, providing them with an additional ten days to supply those signatures. The sufficiency of the secretary's letter was ultimately upheld over the petitioners' challenges, and therefore constituted proof that the referendum petition contained an insufficient number of valid signatures. See *Mahaffey v. Blackwell*, Franklin App. No. 06AP–963, 2006-Ohio-5319, 2006 WL 2885029. Thus, the amended statute took effect on August 25, 2006. See *Thornton v. Salak*, 112 Ohio St.3d 254, 2006-Ohio-6407, 858 N.E.2d 1187, syllabus (law stayed due to filing of referendum becomes effective when secretary of state certifies referendum petition as invalid).

Am.Sub.S.B. No. 7 that are relevant to Montville's appeal are not retrospective, they do not afford Montville the relief it seeks here. Rather, Montville must wait to see if Thorton refiles the complaint within the time permitted by the saving statute.

{¶ 22} Having determined that Montville's appeal is governed by former R.C. 4123.512(D), we now address the propriety of the appellate court's ruling.

{¶ 23} The court of appeals found that Montville's appeal was untimely and therefore dismissed it. Although we agree that dismissal was proper, we do so for different reasons.

{¶ 24} As the concurring judge on the appellate court observed, because former R.C. 4123.512(D) controls, Thorton could dismiss the appeal without prejudice under Civ.R. 41(A)(1)(a). *Fowee*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, syllabus. Because a dismissal pursuant to Civ.R. 41(A)(1)(a) does not typically operate as an adjudication on the merits, *Vitantonio, Inc. v. Baxter*, 116 Ohio St.3d 195, 2007-Ohio-6052, 877 N.E.2d 663, ¶ 4, a dismissal pursuant to that rule is not a final, appealable order. Cf. *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352, syllabus ("Unless plaintiff's Civ.R. 41(A)(1)(a) notice of dismissal operates as an adjudication upon the merits under Civ.R. 41(A)(1), it is not a final judgment, order or proceeding, within the meaning of Civ.R. 60(B)"). Thus, the appeal should have been dismissed on that basis rather than on the finding that it was not timely filed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

---

**O'DONNELL, J., dissenting.**

{¶ 25} I respectfully dissent. The plain language of R.C. 4123.512 states that it applies retroactively and division (D), at issue here, is remedial, rather than substantive, in nature. Accordingly, my view of this statutory application differs from the majority's.

{¶ 26} R.C. 1.48 provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." See *Van Fossen v. Babcock Wilcox Co.* (1988), 36 Ohio St.3d 100, 105, 522 N.E.2d 489. While Section 28, Article II of the Ohio Constitution prohibits the retroactive impairment of vested substantive rights, the General Assembly may make retroactive any legislation that is merely remedial in nature. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 9, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 13, and *State ex rel. Slaughter v. Indus. Comm.*

(1937), 132 Ohio St. 537, 542, 8 O.O. 531, 9 N.E.2d 505. Thus, courts apply a two-part test to evaluate whether statutes may be applied retroactively. First, the court determines as a threshold matter whether the statute is expressly made retroactive. *Consilio* at ¶ 10, citing *LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 14, citing *Van Fossen*, 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraphs one and two of the syllabus. Then, if the statute is clearly retroactive, the court determines whether it is substantive or remedial in nature. *Consilio* at ¶ 10, citing *LaSalle* at ¶ 14.

{¶ 27} Here, R.C. 4123.512(H) states:

{¶ 28} "This section applies to all decisions of the commission or the administrator on November 2, 1959, and all claims filed thereafter are governed by sections 4123.511 and 4123.512 of the Revised Code.

{¶ 29} "Any action pending in common pleas court or any other court on January 1, 1986, under this section is governed by former sections 4123.514, 4123.515, 4123.516, and 4123.519 and section 4123.522 of the Revised Code."

{¶ 30} Because this provision refers to "this section" rather than just division (H) of the statute, it encompasses all of R.C. 4123.512, including division (D), which limits the employee's ability to unilaterally dismiss the complaint. Thus, the legislature expressly stated in the codified portion of the statute that R.C. 4123.512 applies retroactively.

{¶ 31} Despite the plain, codified language of the statute demonstrating a legislative intent for the statute to apply retroactively, the majority relies upon an uncodified provision of 2006 Am.Sub.S.B. No. 7 to determine that the legislature intended the statute, with the exception of division (H), to apply prospectively. Specifically, Section 3 of Am.Sub.S.B. No. 7 provides: "This act applies to all claims pursuant to [R.C. Chapter 4123] arising on and after the effective date of this act, *except that division (H) of section 4123. 512* as amended by this act also applies to claims that are pending on the effective date of this act." (Emphasis added.) This uncodified statement of legislative intent conflicts with the language of the statute as codified, which plainly calls for retroactive application. I would resolve this conflict between the codified and uncodified provisions of Am.Sub.S.B. No. 7 by giving effect to the codified law.

{¶ 32} Moreover, the provision of R.C. 4123.512(D) prohibiting the claimant from dismissing the employer's appeal by dismissing the complaint without the employer's consent is procedural, affecting a remedial, rather than a substantive right. It does not affect any right Thorton may have to collect workers' compensation benefits, but changes the procedures available to enforce that right. See, e.g., *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 259, 744 N.E.2d 708 (holding that the settlement-hearing provisions of former R.C. 4123.65, involving workers' compensation claims, constituted a remedial right that

the legislature could change or revoke without offending the Constitution). Therefore, retroactive application of R.C. 4123.512(D) will not offend Ohio's constitutional prohibition against the retroactive impairment of vested substantive rights.

{¶ 33} Lastly, it is apparent to me that the legislature has addressed the problematic procedural quagmire resulting from the requirement that the employee-claimant file the complaint when the employer appeals to the common pleas court—a practice which has permitted the claimant to dismiss the complaint and collect additional benefits until the complaint is refiled.

{¶ 34} By the plain language of R.C. 4123.512(D), the General Assembly has ended this practice. It is wholly incongruent to my way of thinking that the legislature would recognize this problem, enact legislation to preclude it from occurring, yet leave all such pending matters subject to unilateral dismissal by the employee. Either the employee's right to voluntarily dismiss the complaint in an employer appeal exists or it does not. The abounding confusion over the retroactive application of this provision is resolved by the plain language of the codified statute.

{¶ 35} Accordingly, I would reverse the judgment of the court of appeals and hold that the R.C. 4123.512(D) prohibition against unilateral dismissal by the claimant applies to claims pending at the time of its enactment.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

———

Mitchell A. Stern, for appellee Robert Thorton.

Willacy, LoPresti & Marcovy and Aubrey B. Willacy, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elise Porter, Assistant Solicitor, and Virginia E. Fisher, Assistant Attorney General, for appellee Administrator of Workers' Compensation.