[Cite as *Donini v. Manor Care, Inc.*, 2014-Ohio-1767.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| RITA DONINI, | : | Case No. 13CA3583 |
| Plaintiff-Appellant, | : | |
| v. | : | DECISION AND <u>JUDGMENT ENTRY</u> |
| MANOR CARE, INC., ET AL., | : | |
| | : | **RELEASED: 04/21/14** |
| Defendants-Appellees. | : | |
| | : | |

<u>APPEARANCES</u>:

Chad D. McHenry, McHenry Law Office, L.L.C., Portsmouth, Ohio, for appellant.

David M. McCarty, Randall W. Mikes, and Katja E. Garvey, Kegler, Brown, Hill & Ritter Co., L.P.A., Columbus, Ohio, for appellee Manor Care, Inc.

Harsha, J.

{¶1}     The Industrial Commission of Ohio granted the workers' compensation claim of appellant, Rita Donini, recognizing additional medical conditions entitling her to benefits. After her employer, appellee Manor Care, Inc. ("Manor Care"), appealed the administrative decision to the court of common pleas, Donini filed a complaint in that court seeking to participate in the workers' compensation fund for the additional medical conditions the commission recognized. As trial on the action approached, the parties filed a stipulated dismissal without prejudice, which specified that Donini could refile the action within one year. After the one-year time limit expired without Donini refiling her complaint, the trial court granted Manor Care's motion for judgment on the pleadings. The trial court found that Donini was not entitled to participate in workers' compensation

benefits for the claimed additional conditions because she failed to meet the saving statute by refiling her complaint within one year of the stipulated dismissal.

{¶2}    On appeal, Donini clams that the trial court lacked jurisdiction over Manor Care's motion for judgment on the pleadings because the parties' stipulation had dismissed both Donini's complaint and Manor Care's appeal.  However the parties' stipulated dismissal operated to dismiss only Donini's complaint, but not Manor Care's appeal.  Otherwise, the stipulation would not have specified that Donini could refile her complaint within a year.  In an employer-initiated workers' compensation appeal, the employee-claimant must file a subsequent complaint.  If the claimant voluntarily dismisses the complaint with the employer's consent, the employer is entitled to judgment on its appeal if the claimant fails to refile the complaint within the year allowed by the saving statute.  In such a proceeding, the filing of the complaint does not commence the action and confer jurisdiction; rather, the filing of the notice of appeal with the court of common pleas does.  Therefore, the dismissal of Donini's complaint did not divest the common pleas court of jurisdiction over Manor Care's appeal.  Accordingly, we overrule Donini's assignment of error and affirm the judgment of the trial court.

## I.  FACTS

{¶3}    Manor Care employed Donini in Scioto County.  In May 2010, Donini sustained injuries during the course of and arising out of her employment with Manor Care.  She filed a workers' compensation claim, which the Ohio Bureau of Workers' Compensation allowed for the medical condition of right knee sprain.

{¶4} Donini filed a motion requesting that her claim be additionally allowed for the medical conditions of torn medial meniscus and substantial aggravation of preexisting osteoarthritis of her right knee. After a district hearing officer for the Industrial Commission rejected Donini's claim for additional conditions, she appealed and a staff hearing officer granted the claim. The commission refused Manor Care's appeal from the decision.

{¶5} Manor Care appealed from the commission's decision to the Scioto County Court of Common Pleas. In accordance with R.C. 4123.512(D), Donini filed a complaint in the appeal in the common pleas court seeking to participate in the workers' compensation fund for the additional conditions of torn medial meniscus and substantial aggravation of preexisting osteoarthritis of the right knee. Manor Care and the administrator of the Ohio Bureau of Workers' Compensation filed answers to the complaint.

{¶6} In March 2012, less than two weeks before a scheduled jury trial in the case, the parties filed a stipulation of dismissal which provided:

> Pursuant to Civ.R. 41(A)(1)(b), now come the participating parties, by and through counsel, and hereby stipulate that the above-captioned matter is dismissed. Such dismissal is without prejudice to the bringing of another action based on any of the claims included in the above-captioned matter. The participating parties agree that Plaintiff, Rita Donini, may re-file the action within one year. Costs for this Stipulated Dismissal to respective parties. No record.

{¶7} In April 2013, after one year had passed from the stipulated dismissal, Manor Care filed a motion for judgment on the pleadings, requesting a finding that Donini is not entitled to participate in workers' compensation benefits for the claimed additional conditions. Manor Care argued that this result was required because Donini

failed to refile her complaint within one year of the dismissal, as required by the saving statute.  Donini filed a memorandum in opposition, and she and Manor Care filed additional memoranda.  The trial court granted Manor Care's motion because Donini failed to meet the saving statute by refiling her complaint within one year of the dismissal.  The trial court found that Donini is not entitled to participate in workers' compensation benefits for additional medical conditions.

{¶8}     Donini appealed the trial court's judgment on the pleadings.

## II.  ASSIGNMENT OF ERROR

{¶9}     Donini assigns the following error for our review:

I.  THE COMMON PLEAS COURT LACKED JURISDICTION OVER THE DEFENDA[N]T-APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SHOULD HAVE DISMISSED THE MOTION.

## III.  STANDARD OF REVIEW

{¶10}     The existence of a court's jurisdiction is a question of law that we review de novo.  *In the Matter of D.P.J. and P.R.J.*, 4th Dist. Scioto No. 13CA3532, ¶ 11.  In addition, appellate courts generally review a trial court's entry of judgment on the pleadings de novo allowing an independent review.  *Quality Car & Truck Leasing, Inc. v. Pertuset*, 4th Dist. Scioto No. 11CA3436, 2013-Ohio-1964, ¶ 4.  "Judgment on the pleadings is appropriate if, after construing all material allegations set forth in the complaint in favor of the nonmoving party, together with all reasonable inferences, the trial court finds, beyond doubt, that the non-moving party can prove no set of facts that entitle it to relief."  *Id.*

## IV.  LAW AND ANALYSIS

Jurisdiction in Employer-Initiated Workers' Compensation Appeal

**{¶11}**    "R.C. 4123.512 provides a unique process for an appeal to the court of common pleas regarding a claimant's right to participate in the State Insurance Fund." *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 413, 704 N.E.2d 1212 (1999). Regardless of whether the claimant or employer appeals the commission order, "[t]he claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action."  R.C. 4123.512(D).  The common pleas court's review in the appeal is de novo, and the claimant bears the burden of proving a right to participate in the workers' compensation fund regardless of the commission decision.  *Bennett v. Admr., Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 17.  In other words, where the employer appeals an unfavorable administrative decision, the claimant must re-establish the claim in the court of common pleas in spite of prevailing at the administrative level.  *Kaiser* at 413.

**{¶12}**    In an employer-initiated workers' compensation appeal, the claimant's dismissal of the complaint does not affect the employer's appeal, which remains pending until the refiling of the complaint.  *Id.* at 415.  That is, in a workers' compensation appeal under R.C. 4123.512, "the filing of the complaint does not commence the action and confer jurisdiction."  *McKinney v. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 04AP-1086, 2005-Ohio-2330, ¶ 4.  Instead, under the plain language of the governing statute, the only act required to perfect the appeal is the timely filing of the notice of appeal.  *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 8; R.C. 4123.512(A) ("The appellant shall file

the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code. The filing of the notice of appeal with the court is the only act required to perfect the appeal"). Therefore, the only act that confers jurisdiction on the common pleas court is the filing of the notice of appeal. *See Gambrel v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin No. 07AP-1023, 2008-Ohio-3288, ¶ 8, citing *Fisher v. Mayfield*, 30 Ohio St.3d 8, 505 N.E.2d 975 (1987), paragraph one of the syllabus ("The filing of a notice of appeal is the only act required to vest jurisdiction in the common pleas court").

{¶13}   In her sole assignment of error, Donini asserts that the trial court lacked jurisdiction to address the merits of Manor Care's motion for judgment on the pleadings because the parties' stipulated dismissal acted to dismiss Manor Care's appeal, not simply her complaint. Donini's assertion lacks merit for several reasons. First, a review of the plain language of the stipulated dismissal specifies that it was filed pursuant to Civ.R. 41(A)(1)(b). R.C. 4123.512(D) provides that within 30 days after the appeal is filed, the claimant must file a petition in the common pleas court setting forth "a cause of action" to participate or to continue to participate in the workers' compensation fund. After the claimant files the petition, "[f]urther pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required and provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section." R.C. 4123.512(D). Under Civ.R. 41(A)(1)(b), "a plaintiff,

without order of court, may *dismiss all claims asserted by that plaintiff* against a defendant by * * * filing a stipulation of dismissal signed by all parties who have appeared in the action." (Emphasis added.) Therefore, the stipulated dismissal dismissed only the claims asserted by appellant in her complaint; under the rule, the dismissal does not purport to dismiss the claims of the employer who initiated the appeal.

{¶14}   Second, the language of the dismissal itself supports this construction limiting the dismissal to Donini's complaint because it specifies that "[t]he participating parties agree that Plaintiff, Rita Donini, may re-file the action within one year." This language relates to Donini's duty under the statute requiring her to file "a petition *** showing a cause of action to participate…(.)" *See* R.C. 4123.512(D). There is no language in the dismissal that the parties intended that Manor Care be permitted to refile its appeal within one year. In fact, notwithstanding Donini's argument to the contrary, R.C. 2305.19, the saving statute, applies to claims asserted in pleadings, which would address Donini's complaint, but not Manor Care's appeal because Manor Care did not file any claim for relief in its answer, e.g., a counterclaim. *See* R.C. 2305.19(A) ("In any action that is commenced * * *, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits * * *. This division applies to any claim asserted in any pleading by a defendant"). Therefore, Manor Care would not have been able to refile a timely appeal of the commission's decision.

**{¶15}** Third, Manor Care's consent to the dismissal of Donini's complaint did not estop it from seeking to enforce the saving statute when Donini failed to refile her complaint within the one-year period specified in R.C. 2305.19. *See Dobransky v. Cleveland Metro Park Sys.,* 8th Dist. Cuyahoga No. 98533, 2013-Ohio-266, ¶ 6 ("The [employer's] consent to [claimant's] voluntary dismissal of its appeal[1] did not mean that it was conceding or settling the question of benefits in [claimant's] favor and that [claimant] did not have to refile her petition. Had that been the case, the [employer] would arguably have consented to a dismissal with prejudice").

**{¶16}** Fourth, the cases cited by Donini—*Feckner v. Donley's, Inc.*, 8th Dist. Cuyahoga No. 88926, 2007-Ohio-5335, and *Sipes v. Sipes*, 5th Dist. Richland No. 2011-CA-00101, 2012-Ohio-3215, are inapposite. *Feckner* did not include a statement in the notice of stipulated dismissal similar to the one here that specified that the claimant could refile the action within one year, which indicates that the parties intended to only dismiss the claimant's complaint and not the employer's appeal. *Feckner* also preceded the same appellate district's holdings in *Dobransky* and *Nykiel v. Northcoast Moving Enterprises*, 8th Dist. Cuyahoga No. 97009, 2012-Ohio-272, which both held that the common pleas court retained jurisdiction over employer-initiated workers'

---

[1] Some of the language of cases, including the cited appellate case and prior appellate cases, use the terms "appeal" and "complaint" interchangeably even though they are not. *See also Kaiser*, 84 Ohio St.3d 411, 704 N.E.2d 1212, syllabus ("A workers' compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512"). In its syllabus in *Kaiser*, the Supreme Court of Ohio used the terminology of a claimant dismissing an employer's *appeal*, but in its opinion, it later specified that the claimant could "properly dismiss his *complaint* pursuant to Civ.R. 41(A)(1)(a)." (Emphasis added.) Ultimately, the holding in *Kaiser* was superseded by Am.Sub.S.B. No. 7, effective in August 2006, which ended a claimant's unilateral ability to dismiss the complaint in an appeal brought by an employer by requiring an employer to consent to the dismissal. *See Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, ¶ 14-15, fn. 2. Under R.C. 4123.512(A), the only jurisdictional event is the timely filing of a notice of appeal from the commission's decision; the filing of the complaint is not jurisdictional. *See generally* Wasil and Mastrangelo, *Ohio Workers' Compensation Law*, Section 14:98 (2009), citing *McKinney*, 10th Dist. Franklin No. 04AP-1086, 2005-Ohio-2330, ¶ 4.

compensation appeals after the claimants filed stipulated dismissals of their complaints. *Sipes* is inapplicable because it does not involve an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512.

**{¶17}** Therefore, by the plain language of the stipulated dismissal and consistent with the governing statutes, rule, and precedent, the common pleas court retained jurisdiction over Manor Care's appeal after Donini dismissed her complaint with Manor Care's consent pursuant to Civ.R. 41(A)(1)(b).

**{¶18}** After Donini failed to refile her complaint within one year after she had voluntarily dismissed it with Manor Care's consent, the trial court properly granted Manor Care's motion for judgment on the pleadings. "In an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal." *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, syllabus. Although *Fowee* has been legislatively superseded by Am.Sub.S.B. No. 7 insofar as the employee-claimant cannot unilaterally dismiss the complaint, but must secure the employer's consent to the dismissal, no party suggests that the remainder of its holding is not viable as long as the employer's consent to the claimant's dismissal is obtained. *Thorton*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, ¶ 14. Indeed, cases involving claimed injuries arising after the effective date of the amendment have applied precedent to hold that the employer is entitled to judgment if the claimant fails to refile the complaint within one year of the dismissal. *See Dobransky* and *Nykiel*; *compare*

*Klamforth v. Advanced Foundations Solutions*, 10th Dist. Franklin No. 08AP-934, 2009-Ohio-4547, ¶ 15 ("because the plaintiff in a right-to-participate action bears the burden of prosecuting the action, it follows that the claimant, postured as a plaintiff, must bear the burden of his failure to prosecute-even if the action represents, in essence, an appeal filed by an employer dissatisfied with a determination by the commission that grants a claim").

## V.  CONCLUSION

**{¶19}**    Consequently, the trial court had jurisdiction in the appeal to address the merits of and grant Manor Care's motion for judgment on the pleadings.  We overrule Donini's assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**