[Cite as *Yates v. G&J Pepsi-Cola Bottlers, Inc.*, 2016-Ohio-1436.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| Stephen Yates, | : | Case No. 15CA3711 |
| Plaintiff-Appellant, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| G&J Pepsi-Cola Bottlers, et al., | : | |
| | | **RELEASED: 3/31/2016** |
| Defendants-Appellees. | : | |

APPEARANCES:

Joseph A. Fraley, Mitchell + Pencheff, Fraley, Catalano & Boda Co., Columbus, Ohio, for appellant.

Charles M. Stephan, Taft Stettinius & Hollister LLP, Cincinnati, Ohio, for appellee G&J Pepsi-Cola Bottlers, Inc.

Crystal R. Richie, Ohio Attorney General's Office, Columbus, Ohio, for appellee Bureau of Workers' Compensation.

Harsha, J.

{¶1}  After a series of decisions at the administrative level of Stephen Yates's claims for "flow through" workers compensation injuries, both Yates and his employer appealed to the court of common pleas. The court consolidated the two appeals and prior to trial, Yates filed a notice of voluntary dismissal without prejudice of his part of the consolidated appeal. After Yates refiled his complaint the employer filed a motion for summary judgment, arguing that the dismissal of Yates's complaint also acted as a dismissal of his notice of appeal. The trial court agreed and granted summary judgment to the employer, dismissing Yates's appeal on the basis that the court lost jurisdiction upon entry of the voluntary dismissal.

**{¶2}**    Now Yates claims he was entitled to refile his complaint, as the court retained jurisdiction over his appeal. We agree. A workers' compensation appeal requires both a notice of appeal, which confers jurisdiction on the common pleas court, and a "petition" or complaint, which states a cause of action. Yates's dismissal entry, which expressly dismissed his cause of action and specified that he could refile the cause of action within one year, dismissed only his complaint, not his appeal. Therefore the common pleas court was not divested of jurisdiction over his appeal.  We sustain Yates's assignment of error.

## I. FACTS

**{¶3}**    After Yates sustained a work-related injury to his left shoulder while employed by G&J Pepsi-Cola Bottlers, Inc., he filed a claim for workers' compensation, which the Industrial Commission allowed.  Several years later, Yates filed a motion to include a disc-herniation neck injury with his claim. The Commission granted his motion and G&J appealed to the Scioto County Court of Common Pleas. In accordance with R.C. 4123.512(D), Yates filed a complaint in G&J's appeal.

**{¶4}**    While G&J's appeal was pending, Yates filed a second motion with the Commission to include a right shoulder injury to his claim. When the Commission denied it, Yates filed his notice of appeal and complaint in accordance with R.C. 4123.512.  The trial court consolidated the two complaints for trial. Prior to trial Yates filed a Notice of Partial Dismissal Without Prejudice, which provided:

> Now comes the Plaintiff and hereby gives notice that portion of this cause
> of action dealing with Plaintiffs' appeal of the request condition of Right
> Shoulder Impingement Syndrome is dismissed without prejudice pursuant
> to the terms of Ohio Rule of Civil Procedure 41(A). Plaintiff's Complaint
> still is active for Defendant's appeal of the allowed condition of C6-7 Disk

Herniation. Such dismissal is without prejudice of future actions, shall be for failure otherwise than upon the merits and shall specifically allow the plaintiff to retain the right to re-file its cause of action within one year as prescribed by law.

{¶5}    Before the expiration of the one year limit,[1] Yates refiled the complaint corresponding to his appeal of the right shoulder claim denial. G&J filed a motion for summary judgment arguing that "[t]he partial dismissal eliminated Plaintiff's appeal on the issue of right shoulder impingement, leaving only his allegation of a cervical disc injury for trial." G&J emphasized that the wording of the voluntary dismissal entry states that Yates, "gives notice that *[the] portion* of this cause of action *dealing with Plaintiff's appeal* of the request [sic] condition of Right Shoulder Impingement Syndrome is dismissed without prejudice pursuant to the terms of Ohio Rule of Civil Procedure 41(A)" and argued that this language dismissed Yates's appeal.  Yates argued that G&J's interpretation of the dismissal language was erroneous and that he dismissed only his complaint relating to the right shoulder impingement appeal and not the appeal itself.  The trial court granted G&J's motion, finding "that the dismissal of the workers' compensation appeal deprives the Court of jurisdiction over this action."  Yates appealed to us.

## II. ASSIGNMENT OF ERROR

{¶6}    Yates raises one assignment of error:

1.    THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE G&J PEPSI-COLA BOTTLERS, INC.

## III. STANDARD OF REVIEW

---

[1] The record indicates that the complaint was refiled on May 8, 2015. Yates's and G&J's briefs respectively state that the complaint was re-filed on May 15, 2015 and May 6, 2015. Because all of the alleged dates fall within one year of the voluntary dismissal date of May 30, 2014, the discrepancy is immaterial.

**{¶7}** The existence of a court's jurisdiction presents a question of law that we review de novo. *In the Matter of D.P.J. and P.R.J.,* 4th Dist. Scioto No. 13CA3532, 2013-Ohio-4469, ¶ 11. Likewise, appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19. Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 26.

**{¶8}** The moving party has the initial burden of informing the trial court of the basis for the motion by pointing to summary judgment evidence and identifying the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27. Once the moving party meets this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial. *Dresher* at 293.

IV. LAW AND ANALYSIS

A. Jurisdiction in a Workers' Compensation Appeal

**{¶9}** "R.C. 4123.512 provides a unique process for an appeal to the court of common pleas regarding a claimant's right to participate in the State Insurance Fund." *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 413, 704 N.E.2d 1212 (1999).

Regardless of whether the claimant or employer appeals the commission order, "[t]he claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." R.C. 4123.512(D). The common pleas court's review in the appeal is de novo, and the claimant bears the burden of proving a right to participate in the workers' compensation fund regardless of the commission's decision. *Bennett v. Admr., Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012–Ohio–5639, 982 N.E.2d 666, ¶ 17. In other words, where the employer appeals an unfavorable administrative decision, the claimant must re-establish the claim in the court of common pleas in spite of prevailing at the administrative level. *Kaiser* at 413.

{¶10}   In both a claimant-initiated and an employer-initiated workers' compensation appeal, the dismissal of the complaint does not affect the appeal, which remains pending until the refiling of the complaint or time lapses under the savings statute. *Lewis v. Connor,* 21 Ohio St.3d 1, 487 N.E.2d 285 (1985) (trial court's dismissal without prejudice of claimant's complaint did not divest the trial court of jurisdiction over the appeal and claimant could refile complaint within one year under the saving statute, R.C. 2305.19); *Kaiser* at 415; *see also Thorton v.Montville Plastics & Rubber, Inc.,* 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482; *Fowee v. Wesley Hall, Inc.,* 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193. That is, in a workers' compensation appeal under R.C. 4123.512, "the filing of the complaint does not commence the action and confer jurisdiction." *McKinney v. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 04AP–1086, 2005–Ohio–2330, ¶ 4. Instead, under the plain language of the

governing statute, the only act required to perfect the appeal is the timely filing of the notice of appeal. *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012–Ohio–880, 964 N.E.2d 1030, ¶ 8; R.C. 4123.512(A) ("The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code. The filing of the notice of appeal with the court is the only act required to perfect the appeal"). Therefore, the only act that confers jurisdiction on the common pleas court is the filing of the notice of appeal. *See Gambrel v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin No. 07AP–1023, 2008–Ohio–3288, ¶ 8, citing *Fisher v. Mayfield*, 30 Ohio St.3d 8, 505 N.E.2d 975 (1987), paragraph one of the syllabus ("The filing of a notice of appeal is the only act required to vest jurisdiction in the common pleas court"); *Donini v. Manor Care, Inc.,* 4th Dist. Scioto App. No. 13CA3583, 2014-Ohio-1767.

{¶11} In his sole assignment of error Yates contends that the trial court retained jurisdiction over his appeal because his voluntary dismissal did not extinguish his appeal, it dismissed only the complaint related to his appeal. Yates's assertion has merit for several reasons. First, a review of the plain language of the voluntary dismissal specifies that it was filed pursuant to Civ.R. 41(A)(1). R.C. 4123.512(D) provides that within 30 days after the appeal is filed, the claimant must file a petition in the common pleas court setting forth "a cause of action" to participate or to continue to participate in the workers' compensation fund. After the claimant files the petition, "[f]urther pleadings shall be had in accordance with the Rules of Civil Procedure, * * * and provided that the

claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section." R.C. 4123.512(D). Under Civ.R. 41(A)(1)(a), "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant." Therefore, the voluntary dismissal affected only the claims asserted by Yates in his complaint; under the rule, the dismissal does not purport to dismiss either his or G&J's appeals or the cause of action Yates filed pursuant to G&J's appeal. In fact, the dismissal expressly clarifies that Yates is dismissing only the cause of action associated with his appeal and not the cause of action associated with the employer's appeal.

{¶12} The language of the dismissal itself supports a construction limiting the dismissal to Yates's complaint because it states that "[s]uch dismissal is without prejudice of future actions, shall be for failure otherwise than upon the merits and shall specifically allow the plaintiff to retain the right to re-file its cause of action within one year as prescribed by law." This language relates to Yates's duty under the statute requiring him to file "a petition * * * showing a cause of action to participate ... (.)" *See* R.C. 4123.512(D). There is no language in the dismissal that Yates intended to refile his notice of appeal within one year.

{¶13} Next, R.C. 4123.512 requires a claimant to file a petition stating a cause of action (which is commonly referred to as "complaint") in *both* a claimant-initiated appeal *and* an employer-initiated appeal. Here, both types of appeals were pending and Yates

had filed two separate causes of actions – his complaint associated with his right-shoulder appeal and his complaint associated with G&J's herniated-disk appeal. And to add further to potential confusion, both causes of action were consolidated for purposes of trial. Thus, his dismissal entry included the clarifying language that, "that portion of this cause of action dealing with Plaintiffs' appeal of the request condition of Right Shoulder Impingement Syndrome is dismissed without prejudice pursuant to the terms of Ohio Rule of Civil Procedure 41(A). Plaintiff's Complaint still is active for Defendant's appeal of the allowed condition of C6-7 Disk Herniation." Contrary to G&J's contention, this clarification about which portion of the two causes of action was dismissed did not also serve to additionally dismiss Yates's appeal.

{¶14} Third, the cases cited by G&J—*Feckner v. Donley's, Inc.*, 8th Dist. Cuyahoga No. 88926, 2007–Ohio–5335, *Sipes v. Sipes*, 5th Dist. Richland No. 2011–CA–00101, 2012–Ohio–3215, and *Kusa v. United Parcel Service, Inc.*, 61 Ohio Misc.2d 556, 580 N.E.2d 851 (C.P. 1990) are inapposite. *Sipes* is inapplicable because it does not involve an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512.

{¶15} *Feckner* did not include a statement in the notice of stipulated dismissal similar to the one here denoting that the claimant could refile the action within one year. And *Feckner* involved only an employer-initiated appeal. Because the voluntary dismissal was a joint dismissal signed by both the claimant and the employer and dismissed "the foregoing matter," the court concluded that the dismissal included both the claimant's complaint and the employer's appeal. Finally, both *Feckner* and *Kusa* hold that the savings statute in R.C. 2305.19 applies to both a complaint and a notice of

appeal. Thus, under the holdings of both those cases, in the Eighth Appellate District, a party who dismisses the complaint and appeal is entitled to re-file the appeal within one year. *Feckner* at ¶ 15 ("We interpreted *Kusa* as holding that the "employer's re-filed notice of appeal is timely when filed within the time constraints of the savings statute even though the date of re-filing falls outside the sixty-day statutory requirement set forth in R.C. 4123.512."). Thus, if we were to apply the holdings in *Feckner* and *Kusa* the trial court would retain jurisdiction over Yates's appeal even if, as G&J contends, his dismissal entry dismissed his appeal as well as his complaint.

## III. CONCLUSION

**{¶16}** By the plain language of the voluntary dismissal and consistent with the governing statutes, rule, and precedent, the common pleas court retained jurisdiction over Yates's appeal after he dismissed his complaint pursuant to Civ.R. 41(A)(1)(a). Because Yates dismissed only his complaint and not his appeal and he refiled his complaint within the one-year time limit of R.C. 2305.19, the trial court retained jurisdiction over his appeal and erred in granting G&J's motion for summary judgment.

JUDGMENT REVERSED AND
CAUSE REMANDED FOR
FURTHER PROCEEDINGS.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT be REVERSED and the CAUSE REMANDED to the trial court for further proceedings consistent with this opinion and that the Appellant recover of Appellees costs herein be taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this Entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**